**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**SHARON ELAINE PRUETT,**

    **Plaintiff,**

**v.**                                                                             **No. 19-cv-0817 SMV**

**ANDREW SAUL,**
**Commissioner of the Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 23], filed on March 23, 2020. The Commissioner responded on June 19, 2020. [Doc. 27]. Plaintiff replied on July 6, 2020. [Doc. 28]. The parties have consented to my entering final judgment in this case. [Doc. 9]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Appeals Council erred in failing to consider the materials from Dr. Baum. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four) (2018).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (2018); *see* 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920 (2012). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." §§ 404.1520(a)(4)(i)–(iv), 416.920(a)(4)(i)–(iv); *see Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## **Procedural Background**

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income February 18, 2015. Tr. 32. She alleged a disability-onset date of March 1, 2014. *Id.* Her claims were denied initially and on reconsideration. *Id.* Administrative Law Judge ("ALJ") Lillian Richter held a hearing on August 13, 2018, in Albuquerque, New Mexico. Tr. 32, 55. Plaintiff appeared in person with her attorney. Tr. 32, 55. The ALJ heard testimony from

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

Plaintiff and an impartial vocational expert ("VE"), Sandra D. Vibert, who testified via telephone. Tr. 32, 55–87.

The ALJ issued her partially favorable decision on November 14, 2018, finding that Plaintiff became disabled as of June 24, 2017, but not prior. Tr. 46–47. The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2018. Tr. 35. At step one, she found that Plaintiff had not engaged in substantial gainful activity since March 1, 2014, her alleged onset date. *Id.* At step two, the ALJ found that Plaintiff suffered from the following severe impairments: cervical, thoracic, and lumbar spine impairments; sacroiliac joint impairments with sciatica; idiopathic neuropathy; acquired inequality of length of pelvic region and thighs; diabetes mellitus; fibromyalgia; fatigue; adjustment disorder with mixed anxiety and depressed mood; major depressive disorder; generalized anxiety disorder; posttraumatic stress disorder ("PTSD"); and somatic symptom disorder with persistent pain. *Id.* The ALJ also found that Plaintiff suffered from several other conditions, which were not severe: renal cysts, headaches, hyperlipidemia, hypothyroidism, vitamin-D deficiency, menopause, and a history of alcohol dependence. Tr. 35–36.

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 36–37. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 37–44. The ALJ found that Plaintiff had

> the [RFC] to perform a limited range of work at the light exertional level as defined in [20 C.F.R. §§] 404.1567(b) and 416.967(b) except [Plaintiff] can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; she can never climb ladders, ropes, or scaffolds and can never balance; she can occasionally reach overhead bilaterally and frequently reach in all other directions; she can frequently

> handle[] and finger bilaterally; and she can occasionally operate foot controls. Mentally, [Plaintiff] is limited to simple, routine work; she is limited to occasional interaction with supervisors and coworkers and no interaction with the public; and she is limited to a workplace with few changes in the routine work setting.

Tr. 36–37.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work as a mold setter or book trimmer. Tr. 44. Accordingly, the ALJ went on to step five to determine whether Plaintiff could perform other work that existed in significant numbers in the national economy. Tr. 45–46. The ALJ found that prior to Plaintiff's 55th birthday, she could perform other work and was not disabled, but upon her 55th birthday, she became disabled.

Specifically, the ALJ found that as of June 24, 2017, Plaintiff had attained the age of 55,[2] which made her of "advanced age" under the medical-vocational guidelines. Tr. 45. Applying medical-vocational guideline rule 202.06, Plaintiff was disabled as of her 55th birthday. Tr. 46.

Prior to her 55th birthday, however, the medical-vocational guidelines indicated that Plaintiff was not disabled. The ALJ acknowledged that the medical-vocational guidelines served only as a framework and were not determinative because Plaintiff suffered from non-exertional limitations. Thus, the ALJ considered Plaintiff's RFC, age, education, work experience, and the testimony of the VE to determine that Plaintiff could perform work that existed in significant numbers in the national economy and, therefore, was not disabled prior to her 55th birthday. Tr. 45–46. Specifically, the ALJ found that prior to June 24, 2017, Plaintiff could perform the work of laundry sorter, small product assembler, and conveyor-line bakery worker. Tr. 46.

---

[2] The record, including the ALJ's own findings, indicates the Plaintiff's birthday is actually June 25. *E.g.* Tr. 45 ("The claimant's date of birth is **June 25**, 1962. Therefore, she attained the age of fifty-five on **June 24**, 2017.") (emphases added). Nevertheless, the ALJ's decision is that Plaintiff became disabled on June 24. *Id.* Neither party complains of this discrepancy, and the Court finds it be of no meaningful consequence.

Within 30 days of the ALJ's decision, Plaintiff obtained a consultative psychological opinion from Steven K. Baum, Ph.D., dated December 7–14, 2018. Tr. 14–23. Dr. Baum opined that Plaintiff's mental health limitations were more severe than those described in the ALJ's RFC assessment, so severe that if accepted, Plaintiff would be disabled. *See id.* Plaintiff provided these materials and Dr. Baum's curriculum vitae to the Appeals Council and asked that the evidence be considered. Tr. 13. The Appeals Council declined to consider the evidence, explaining, in pertinent part that

> [Plaintiff] submitted evidence from Steven K. Baum, Ph.D. (13 pages), dated December 7, 2018 through December 14, 2018. The Administrative Law Judge decided [her] case through November 14, 2018. This additional evidence *does not relate to the period at issue*. Therefore, it does not affect the decision about whether [Plaintiff was] disabled beginning on or before November 14, 2018.

Tr. 2 (emphasis added). The Appeals Council did not exhibit any of the new evidence, Tr. 5–6, and, ultimately, denied Plaintiff's request for review on July 9, 2019, Tr. 1–4. Plaintiff timely filed the instant action on September 6, 2019. [Doc. 1].

### The Appeals Council did not consider the evidence from Dr. Baum.

The dispute presented by the parties is whether the Appeals Council "considered" the evidence from Dr. Baum. Plaintiff maintains that the Appeals Counsel found the evidence was not chronologically pertinent and, therefore, did not consider it. [Doc. 23] at 8–9. Defendant, however, argues that the Appeals counsel did consider it. [Doc. 27] at 5, 7–8. The difference is meaningful. If the Appeals Council did not consider the additional evidence because it did not qualify for consideration under 20 C.F.R. §§ 404.970(b), 416.1470(b), then the question before this Court is whether the Appeals Council erred in failing to do so. If the Appeals Council did

accept and consider the new evidence, then the question here is whether the ALJ's decision was supported by substantial evidence in light of the new evidence. *See Padilla v. Colvin*, 525 F. App'x 710, 712 n.1 (10th Cir. 2013).

The Court finds that the Appeals Council did not consider the materials from Dr. Baum. In this case, the Appeals Council found that the materials did not qualify for consideration at all. This is evident in two ways. First, the Appeals Council found that Dr. Baum's materials "d[id] not relate to the period at issue." Tr. 2. Because "relat[ing] to the period on or before the date of the hearing decision" is a predicate requirement for consideration, §§ 404.970(a)(5), 416.1470(a)(5) (2017), the Appeals Council could not have considered the materials after determining that they did not relate to the time period at issue. *See Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir. 2013) (applying the same analysis to determine whether the Appeals Council had considered new evidence).

Second, the Appeals Council did not exhibit the evidence and did not add it to the record. *See* Tr. 6 (exhibit list from the Appeals Council, which did not include the materials from Dr. Baum). Although the Court agrees with Plaintiff that the Appeals Council did not consider the evidence from Dr. Baum, that is not the end of the analysis. Now, the Court must determine whether the Appeals Council erred in declining to consider the evidence.

**The Appeals Council erred in failing to consider the evidence from Dr. Baum.**

Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to de novo review. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). Additional evidence should be considered only if it is new, material, and chronologically pertinent. §§ 404.970(a)(5), 416.1470(a)(5) (2017). Evidence is new "if it is not duplicative or cumulative"

and material "if there is a reasonable possibility that [it] would have changed the outcome." *Threet*, 353 F.3d at 1191 (interpreting an older version of the regulation). Evidence is chronologically pertinent if it relates to the time period adjudicated by the ALJ, which would be on or before the date of the ALJ's decision. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). After *Threet* was decided, the regulations were updated to require that "there [be] a reasonable *probability* that the additional evidence would change the outcome of the decision." §§ 404.970(a)(5), 416.1470(a)(5) (emphasis added). This requirement heightens the claimant's burden to prove materiality: whereas the previous test required merely a reasonable *possibility* of changing the outcome, now it requires a reasonable *probability* of changing the outcome.[3] *See Hawks v. Berryhill*, No. 1:17CV1021, 2018 WL 6728037, at *4 & n.5 (M.D.N.C. Dec. 21, 2018). If the Appeals Council fails to consider qualifying new evidence, the case should be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence. *Threet*, 353 F.3d at 1191.

However, if the evidence submitted to the Appeals Council does not qualify for consideration, then the Appeals Council does not consider it, and it "plays no role in judicial review."[4] *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011).

---

[3] Though the current versions of §§ 404.970(b) and 416.1470(b) require a claimant to show good cause for failure to present this new evidence earlier, the Appeals Council did not exclude the evidence on the ground that Plaintiff lacked good cause, nor does the Commissioner argue that Plaintiff lacked good cause. *See* Tr. 1–2; [Doc. 27] at 5–11.

[4] If the Appeals Council does consider qualifying new evidence, that new evidence becomes part of the record, and a reviewing court reviews the ALJ's decision considering that new evidence even though it was not before the ALJ. *Vallejo v. Berryhill*, 849 F.3d 951, 956 (10th Cir. 2017); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). Here, however, the Appeals Council did not consider the materials from Dr. Baum.

Plaintiff argues that the evidence from Dr. Baum was new, material, chronologically pertinent, and would have probably changed the ALJ's decision that she was not disabled prior to June 24, 2017. [Doc. 23] at 6–17. Accordingly, Plaintiff asks the Court to remand the case to allow the Appeals Council to consider the materials from Dr. Baum. *Id.* Defendant, however, argues that the materials were cumulative (and therefore not new), were unsupported (and therefore would not have changed the outcome, i.e., not material), and were not chronologically pertinent.[5]

### Dr. Baum's materials

Dr. Baum performed a psychological examination of Plaintiff on December 7, 2018. Tr. 14. He spent a total of nine and a half hours conducting the clinical interview, a "third-party update," which are statements from Plaintiff's mother and adult daughter, review of medical records from 2014 through 2018, a battery of psychological testing, and report writing. *Id.* Dr. Baum also prepared a Medical Assessment of Ability to do Work-Related Activities (Mental) dated December 14, 2018. Tr. 18–19.

Dr. Baum diagnosed Plaintiff with many of the same mental illnesses found by the ALJ. *Compare* Tr. 35 (ALJ's step-two findings), *with* Tr. 15 (Dr. Baum's diagnoses). He diagnosed anxiety, depression, PTSD, psychosis, somatic-symptom disorder, and chronic pain. Tr. 15. He assessed very serious limitations, including moderate or marked limitations in every category. *Id.* Dr. Baum also submitted listing forms, in which he opined that Plaintiff met Listings 12.04, 12.06,

---

[5] These arguments are incompatible with Defendant's principal argument, which is that the Appeals Council considered the evidence from Dr. Baum. *See* [Doc. 27] at 5. Defendant does not make the arguments in the alternative. *See* [Doc. 27]. If the Appeals Council had considered the evidence, as Defendant argues, then the evidence would have had to be new, material, and chronologically pertinent. *See Padilla*, 525 F. App'x at 712.

12.08, and 12.15. Tr. 20–23. Dr. Baum explained that "[c]linical cases of such severity are rare [and] her prognosis is poor." Tr. 15.

### 1. The evidence from Dr. Baum is new.

Plaintiff did not present the materials from Dr. Baum to the ALJ because Dr. Baum completed his evaluation and report after the ALJ issued her decision. Although there can be no dispute that the evidence was generated after the ALJ's decision, Defendant argues, nevertheless, that the materials are duplicative. [Doc. 27] at 11 (citing *Lopez v. Berryhill*, No. 16-552-SCY, 2017 U.S. Dist. LEXIS 164657, 2017 WL 4356384, at *7 (D.N.M. Sept. 30, 2017) (unpublished); *Smokovich v. Berryhill*, No. 17-1191 WJ/GBW, 2018 U.S. Dist. LEXIS 191899, at *23; 2018 WL 5149484, at *8 (D.N.M. Oct. 22, 2018) (unpublished); *Boone v. Apfel*, 1999 U.S. App. LEXIS 20259, at *7–8, 1999 WL 668253, at *3 (10th Cir. 1999) (unpublished)). In preparing his report, Dr. Baum reviewed some old medical records from the relevant time period. Defendant argues that "[t]o the extent that Dr. Baum reported three hours of time looking at medical records (Tr. 14), this aspect of his report is at best cumulative of evidence before the ALJ." [Doc. 27] at 11. The Court disagrees.

The cases cited by Defendant are unpublished and unpersuasive. In *Lopez*, there was apparently no dispute that the Appeals Council had considered the evidence at issue and exhibited it as part of the record. 2017 U.S. Dist. LEXIS 164657, at *2. Accordingly, the court performed a substantial evidence review, finding that despite the new evidence supplied to the Appeals Council, the ALJ's decision was still supported by substantial evidence. *Id.* at *38. Nothing about that tends to show that the Dr. Baum's evidence here is cumulative.

In *Smokovich*, a treating provider had authored two reports that were considered by the ALJ. After the ALJ's unfavorable decision and a two-year hiatus from treating the plaintiff, the provider reviewed her two previous reports (that the ALJ had already seen), met with the plaintiff once more, and authored a third report. Among other findings, the court determined that the third report—reflecting a restatement of the provider's own earlier reports—would not qualify as "new." 2017 U.S. Dist. LEXIS 164657 at *23. Here, however, Dr. Baum is not restating his own previous reports. Instead, he examined Plaintiff and reviewed her medical records to offer a new opinion on her functional limitations during the relevant time period. The opinion in *Smokovich* does not persuade me that Dr. Baum's materials are duplicative.

In *Boone*, the court found certain doctor's notes were cumulative because they "were already in the record developed by the ALJ." 1999 U.S. App. LEXIS 20259, at *7. *Boone* is not applicable here because Dr. Baum's materials were not already in the record developed by the ALJ.

Moreover and importantly, the Appeals Council did not reject the evidence as cumulative. *See* Tr. 1–6. Nor is the evidence obviously cumulative. It was not already presented to the ALJ. Although Dr. Baum reviewed some of the same evidence evaluated by the ALJ, he did so in order to formulate his retrospective opinion as to Plaintiff's functional limitations during the relevant time period. The materials from Dr. Baum qualify as new.

2. The evidence from Dr. Baum is material.

The evidence from Dr. Baum has a reasonable probability of triggering a different outcome and, therefore, is material. Dr. Baum is a psychologist and, thus, specializes in mental health. Although he examined Plaintiff only once, he did personally examine her. Defendant argues that

Dr. Baum's opinions are not supported by his own report. [Doc. 27] at 9. The Court disagrees, however. Dr. Baum's report is supported by his clinical examination, battery of tests, and diagnoses—or at a minimum, it is reasonably probable that an adjudicator would find his opinions to be supported by his other materials. Similarly, it is reasonably probable that an adjudicator would find his evidence consistent with the rest of the record, for example, Plaintiff's testimony, statements from her mother and adult daughter, and her other treatment records. The Court finds that the evidence from Dr. Baum qualifies as material because it has a reasonable probability of changing the outcome of the case.

### 3.   The evidence from Dr. Baum is chronologically pertinent.

The evidence from Dr. Baum relates not only to the time period adjudicated by the ALJ (prior to November 14, 2018), it expressly relates to the time period relevant to this appeal (prior to June 24, 2017). Tr. 18 (asking Dr. Baum to consider Plaintiff's "medical history and the chronicity of findings as from 3/2014 to current examination"). *See Chambers*, 389 F.3d at 1142 (explaining chronological pertinence). Dr. Baum's materials were generated within 30 days of the ALJ's decision and address ailments that were clearly before the ALJ and accepted by her: anxiety, depression, PTSD, and somatic symptom disorder with persistent pain. Defendant argues that Dr. Baum's reports are not retroactive to the relevant time period because "nothing in Dr. Baum's response on the form indicate[d] that he perceived that the opined limitations actually existed prior to his consultative examination in December 2018." [Doc. 27] at 8. Further, because Dr. Baum's report was written in the present tense, Defendant argues that his opinion was not retrospective. *Id.* These arguments are without merit. The Court accepts the plain meaning of the express words, which was that Dr. Baum was offering a retrospective opinion to March of 2014; his use of the

present tense does not cast doubt on that.  The Court finds the evidence from Dr. Baum to be chronologically pertinent.

## Conclusion

The materials from Dr. Baum are new, material, and chronologically pertinent evidence. There is a reasonable probability that they would change the outcome.  Because the Appeals Council improperly declined to consider them, the Court must remand the case to allow the Appeals Council the first opportunity to evaluate the ALJ's decision in light of the complete record. *See Chambers*, 389 F.3d at 1143; *Threet*, 353 F.3d at 1191.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 23] is **GRANTED**.  The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.  *See* § 405(g) (sentence four).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**